UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL FAVELA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00154-JRS-DLP |
| ) | |
| RICHARD BROWN, ) | |
| FRANK LITTLEJOHN, ) | |
| KEVIN GILMORE, ) | |
| JERRY SNYDER, ) | |
| CHARLES DUGAN, ) | |
| JERRICHA MEEKS, ) | |
| DAWN AMMERMAN, ) | |
| RANDALL PURCELL, ) | |
| TAMMY MARK, ) | |
| JOSHUA COLLINS, ) | |
| BEVERLY GILMORE, ) | |
| BRUCE LEMMON, ) | |
| ROBERT CARTER, ) | |
| JACK HENDRIX, ) | |
| MICHAEL OSBURN, ) | |
| SONYA PHIPPS, ) | |
| MATT LEOHR, ) | |
| ANDREA MASON, ) | |
| RANDY VANVLEET, ) | |
| TRAVIS DAVIS, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS**

On March 20, 2020, plaintiff Daniel Favela filed this 42 U.S.C. § 1983 action alleging that his housing in solitary confinement at Wabash Valley Correctional Facility (WVCF) from approximately 2011 to November 2019 violated his Fourth, Fifth, Eighth, and/or Fourteenth Amendment rights. Dkt. 1; dkt. 17. Mr. Favela additionally brings state law tort claims against each of the defendants, a negligent training/supervision claim against some individual defendants

who held supervisory roles, and a First Amendment retaliation claim against defendant investigators Vanvleet and Davis. Dkt. 17.

The defendants have filed a partial motion to dismiss, alleging that any claims, both federal and state, based on alleged conduct that took place prior to March 20, 2018, should be dismissed because they are barred by the applicable two-year statute of limitations. Dkt. 19. Additionally, the defendants argue that all claims against Beverly Gilmore, Tammy Mark, Joshua Collins, and Bruce Lemmon should be dismissed as barred by the statute of limitations because their employment at WVCF and any actions the plaintiff alleges concerning these individuals predated March 20, 2018. *Id.*; dkt. 20.

## I. Legal Standard

The defendants seek relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but "the appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a Rule 12(b)(6) motion." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (stating, "we have repeatedly cautioned that the proper heading for such motions is a Rule 12(c), since an affirmative defense is external to the complaint."); *cf. Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (example of pragmatic exception where complaint unambiguously set forth dates establishing statute-of-limitations defense). "Observing the distinction is necessary to allocate correctly the burdens of pleading and proof." *H.A.L. N.Y. Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020). Accordingly, the Court construes the defendants' motion as one under Rule 12(c), and the defendants bear "the burden of showing that the allegations of the complaint and an answer showed that an affirmative defense conclusively" defeat Mr. Favela's older claims as a matter of law. *Gunn*, 968 F.3d at 807.

In considering the motion, Mr. Favela's factual allegations are accepted as true and given the benefit of all reasonable inferences. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The Court "may also take judicial notice of matters of public record and consider documents incorporated by reference in the pleadings." *Id.*

## II. Discussion

Mr. Favela was placed in solitary confinement at WVCF from approximately 2011 to November 2019, a period of eight years. Dkt. 17 at 2. "The parties are in agreement that the 2 year statute of limitations applies to the Federal Claims brought pursuant to 42 U.S.C. § 1983." Dkt. 31 at 1-2.

"[I]n § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place. In Indiana, such claims must be brought within two years." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted). The defendants argue that because the statute of limitations for federal claims is two years, any claims based on alleged actions occurring prior to March 20, 2018—two years prior to the filing of the complaint—are barred.

Mr. Favela argues that the older claims are not barred because all claims were tolled under the doctrines of continuing harm/continuing violation and concealment. Dkt. 31 at 3. Mr. Favela also contends that the state law claims have a 5-year statute of limitations and "when there is a civil conspiracy, the statute of limitations begins running upon the last overt act of any tortfeasor, which means claims against Beverly Gilmore, Tammy Mark, Joshua Collins, and Bruce Lemmon are not barred by the statute of limitations." *Id.* at 1.

The Court will address the continuing harm/continuing violation doctrine as it pertains to Mr. Favela's federal and state claims, as the Court finds that the application of this doctrine is dispositive.

As the Seventh Circuit recently explained,

> The continuing violation doctrine . . . is aimed at ensuring that illegal conduct is punished by preventing a defendant from invoking the earliest manifestation of its wrongdoing as a means of running out the limitations clock on a course of misconduct that persisted over time; the doctrine serves that end by treating the defendant's misconduct as a continuing wrong and deeming an action timely so long as the last act evidencing a defendant's violation falls within the limitations period. . . . Thus, where the violation at issue can be characterized as a continuing wrong, the limitations period begins to run *not* when an action on the violation could first be brought, but when the course of illegal conduct is complete.

*United States v. Spectrum Brands*, 924 F.3d 337, 350 (7th Cir. 2019) (internal citations omitted). "A violation is continuing where it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). For a continuing harm, the statute of limitations begins to run on the last occurrence of the harm. *Id.* In Indiana, "[t]he doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury . . . . When this doctrine attaches, the statutory limitations period begins to run at the end of the continuing wrongful act . . . . In order to apply the doctrine, the plaintiff must demonstrate that the alleged injury-producing conduct was of a continuous nature." *Johnson v. Blackwell*, 885 N.E.2d 25, 31 (Ind. Ct. App. 2008) (citing *Garneau v. Bush*, 838 N.E.2d 1134, 1143 (Ind. Ct. App. 2005)), *trans denied*.

Mr. Favela argues that the defendants' conduct spanned eight years and caused him to suffer various injuries that are the "culmination of a prolonged stay in solitary confinement," and the statute of limitations began to run in November of 2019 upon his release from solitary confinement. Dkt. 31 at 7. In his complaint, Mr. Favela alleges that during this eight-year period, his placement

4

was not meaningfully reviewed and to the extent that any reviews were done, these were pretextual and boilerplate and violated Due Process. Dkt. 17 at 2. He alleges that he was "subjected to prolonged continuous indefinite solitary confinement, which created a strong likelihood of physical and mental harm." Dkt. 1 at 11. The defendants argue that the plaintiff alleges in "464 paragraphs" individual acts of the defendants in violation of his rights and "that his due process rights were violated by each of his monthly reviews" for each year spanning 2011 to 2019, and simply "grouping" these reviews together does not toll the statute of limitations. Dkt. 32 at 4-5.

In *Johnston v. Wetzel*, a factually similar case involving a Pennsylvania inmate who alleged Fourteenth and Eighth Amendment violations due to his seventeen-year placement in solitary confinement, the district court held that the continuing violation doctrine applied to the plaintiff's claims because the plaintiff "has not alleged a series of distinct wrongs but rather he has claimed that Defendants' conduct is part of a continuing seventeen-year practice of unconstitutionally restricting him to solitary confinement." 431 F. Supp. 3d. 666, 676 (W.D. Penn. 2019).

"The Supreme Court held in *Hewitt* [*v. Helms*, 459 U.S. 460 (1983)] that the Due Process Clause mandates that prison officials periodically review whether an inmate placed in administrative segregation continues to pose a threat." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). Inmates placed in solitary confinement are entitled to "an informal and nonadversary periodic review (the frequency of which is committed to the discretion of the prison officials) that keeps administrative segregation from becoming a pretext for indefinite confinement." *Id.* at 525 (internal quotation omitted).

The defendants point to *National Railroad Passenger Corp. v. Morgan*'s "holding that a Title VII plaintiff could not recover for discrete discriminatory acts that occurred outside the relevant EEOC filing limitations" to support its argument that "[a]llegations of discrete injury do

5

not trigger the continuing violation doctrine." 536 U.S. 101, 122 St. Ct. (2002); *see also* dkt. 32 at 5. The defendants also rely on a footnote in this Court's Order in *Isby-Israel v. Wynn, et al.*, No. 2:12-cv-001116-JMS-MJD, dkt. 274 at 4, n.4, in which the Court would limit most of its discussion to the review procedures that were in place in the two-year period proceeding the filing of the suit in light of the statute of limitations. Dkt. 32 at 5. However, whether the continuing violation doctrine applied to Mr. Isby's case was not argued to the Court.

Furthermore, in *National Railroad*, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" 536 U.S. at 114. The allegations related to a hostile work environment were different because "[t]heir very nature involves repeated conduct . . . . The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* at 115. Accordingly, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117.

The Court finds the defendants' interpretation of Mr. Favela's claims too narrow. First, the defendants' argument requires the conclusion that the Constitution guarantees Mr. Favela a meaningful review every month such that he should have filed a federal lawsuit each time he received a perfunctory review. However, the frequency of the required review has not been established in this case. If there is no constitutional requirement for monthly review, it would be unreasonable to require Mr. Favela to sue after each monthly review, even if such review was a sham. *Turley*, 729 F.3d at 651. Second, Mr. Favela is arguing that the defendants failed to afford

6

him due process over the course of an eight-year period and cites to the 30-day automatic reviews that included uninformative boilerplate language and all other reviews (90-day or annual) which he contends included the same as evidence that he was not receiving meaningful review over this prolonged time period. Accordingly, as the Court cannot determine that each monthly review was actionable on the pleadings alone, and Mr. Favela alleges that his due process rights were continuously violated over the course of eight years, the defendants have not met their burden that Mr. Favela's due process claims for acts prior to March 20, 2018, are barred by the statute of limitations.

Further, Mr. Favela's conditions of confinement claims are similar to the hostile work environment claim described in *National Railroad* in that a single occurrence of an unsuitable condition in his cell would not even be actionable on its own. Whether prolonged confinement constitutes an Eighth Amendment violation depends both "'on the duration and nature of the segregation.'" *Isby*, 856 F.3d at 521 (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012)). Accordingly, Mr. Favela's Eighth Amendment claims fall within the continuing violation doctrine and are not barred by the statue of limitations.

Because the Court has determined that the continuing wrong doctrine applies to Mr. Favela's federal and state claims, it need not address the doctrine of concealment or resolve any dispute between the parties regarding a two-year or five-year applicable statute of limitations for Indiana tort claims.

### III. Conclusion

For the foregoing reasons, the defendants' partial motion to dismiss, dkt. [19], which the Court construes as a motion for partial judgment on the pleadings under Federal Rule 12(c), is **denied**. Previously the Court had stayed the deadline for defendants to answer the plaintiff's

complaint. Dkt. 23. The defendants now must serve their answer on the plaintiff **within fourteen days of this Order**. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Date: 11/20/2020

*[signature]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Kyle Christie
CHRISTIE FARRELL LEE & BELL, P.C.
kyle@cflblaw.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Sarah Jean Shores
INDIANA OFFICE OF THE ATTORNEY GENERAL
sarah.shores@atg.in.gov

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov